AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Oregon

United States of America
v.

GLORIA RODRIGUEZ VILLA

*Defendant(s)*

Case No. 3:26-mj-00286

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 10/21/2026 in the county of Multnomah in the District of Oregon, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) | Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), makes it illegal to possess with the intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl. |

This criminal complaint is based on these facts:

See the attached affidavit hereto.

☑ Continued on the attached sheet.

By Phone
*Complainant's signature*

Connor Crago, Special Agent, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 8:05 p.m.

Date: October 21, 2026

*Judge's signature*

City and state: Portland, Oregon

Jeffrey Armistead, U.S. Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss: AFFIDAVIT OF CONNOR CRAGO

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Connor Crago being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"). As such, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I also am responsible for investigating drug-related crimes within the United States. Under 21 U.S.C. § 878, I am empowered to make arrests and obtain and execute search warrants. My current assignment is to the DEA Portland District Office. Since starting with the DEA in December 2024, I have participated in numerous narcotics investigations. My formal law enforcement training and experience includes 18 weeks at the Drug Enforcement Administration Training Academy at Quantico, Virginia. At the academy, I was trained in all aspects of conducting narcotics investigations to include debriefing defendants, witnesses, and informants, conducting surveillance, executing search warrants, conducting controlled purchases and deliveries of drugs, using law enforcement, open source, and social media databases, and seizing narcotics and narcotics related assets. I have also acquired knowledge and information about illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement Investigators, informants, and from my participation in multiple drug investigations. I have consulted and conversed with numerous other agents from various local, state, and federal agencies on drug cases of all types, including the distribution of narcotics and the laundering of drug proceeds. Because of this and my own training and experience, I am familiar with drug distribution and the

methods employed by drug traffickers. My civilian education includes a Master of Arts in Strategy, Cybersecurity, and Intelligence from the Johns Hopkins School of Advanced International Studies. My education gave me pertinent knowledge of transnational criminal operations, international criminal law, and international drug trafficking. In addition, I have been a member of the Army National Guard since August 2019. I currently serve as a Military Intelligence Officer. This position has given me classroom and practical training in logical reasoning, writing, and predictive analysis.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for **Gloria RODRIGUEZ VILLA** (herein "**RODRIGUEZ**") for committing violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), 846, and 843: Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with Intent to Distribute Controlled Substances and Use of a Communication Facility in furtherance of a drug related crime ("Target Offenses").

3. This affidavit is intended only to show that there is sufficient probable cause for the above offenses and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

///

///

## **Applicable Law**

4. Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), 846, and 843: Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with Intent to Distribute Controlled Substances and Use of a Communication Facility in furtherance of a drug related crime ("Target Offenses").

## **Statement of Probable Cause**

### ***Background Investigation***

5. Agents and officers comprising the Drug Enforcement Administration ("DEA"), HSI, Washington County Sheriff's Office, Tualatin Police Department, and Sherwood Police Department assigned to DEA-led federal task force D-51, (hereinafter collectively referred to as "Investigators") are investigating a Mexico-based drug trafficking organization ("DTO"). This DTO can traffic and distribute bulk quantities of narcotics to include methamphetamine, heroin, and fentanyl. This DTO operates in a "dispatch" style, meaning drug customers contact a dispatcher in Mexico who then relays the orders to locally based drug traffickers. To date, investigators have seized approximately 300 pounds of methamphetamine, approximately 20 kilograms of fentanyl, and distributable quantities of heroin and cocaine from this DTO along with over a dozen federal arrests.

6. On the course of this Investigation, Investigators have encountered four independent Mexico based drug dispatchers facilitating the crossing and sale of bulk quantities of methamphetamine, heroin, cocaine, and fentanyl throughout the west coast of the United States. Within the District of Oregon, through surveillance, search warrants, communication with other law enforcement and working with the CS's, Investigators have identified numerous couriers, stash house operators, and retail dealers working for a combination of these individuals.

The compartmentalization of the DTO, and use of multiple layers of facilitators creates a web designed to thwart Law Enforcement Investigations. Investigators are working to identify as many Mexico based facilitators involved in the Target Offenses to dismantle the entirety of the DTO.

7. Through this investigation, Investigators identified **RODRIGUEZ** as an interstate fentanyl courier.

***Geolocation of RODRIGUEZ's SP-0985***

8. On October 2, 2026, Investigators applied for and were granted geolocation for 310-894-0985 ("SP-0985"), a phone used by **RODRIGUEZ**. The warrant was signed by the Honorable Judge Jolie A. Russo, District of Oregon. Once Investigators began collecting geolocation data, Investigators noticed the phone was regularly in Moreno Valley, California and Los Angeles, California.

9. On the evening of October 20, 2026, Investigators noted that geolocation data for SP-0985 showed that it was traveling North of Los Angeles along I-5. Based on my training and experience, it is common for interstate drug traffickers from California to begin their journey north late in the evening and drive through the night. I know that drug traffickers do this to avoid law enforcement and make the trip as quick as possible. As the geolocation pings continued north, Investigators believed that **RODRIGUEZ** was likely bringing narcotics to Oregon.

**Surveillance of SP-0985 Geolocation Pings and RODRIGUEZ**

10. In the early morning hours of October 21, 2026, Investigators saw that **RODRIGUEZ** had passed into Southern Oregon via Highway 97. This meant that at some point **RODRIGUEZ** had split from I-5 to Highway 97 in Northern California. Based on my training and experience, I know that drug traffickers are aware of law enforcement highway interdiction

teams. I know that at times drug traffickers avoid busy interstate corridors that are more likely to have specialized law enforcement. As **RODRIGUEZ** continued north, Investigators set out to Biggs Junction, Oregon, an outlet from Highway 97, to establish surveillance in the pings for SP-0985 and identify **RODRIGUEZ**.

11. In Biggs Junction, Investigators established surveillance on a white passenger van with a California plate which arrived at a gas station in Biggs Junction consistent with the pings for SP-0985. Shortly after, Investigators saw **RODRIGUEZ** exit the van with a grey bag, purse, and small brown suitcase. Investigators watched **RODRIGUEZ** load the bags into and enter a large black bus. Investigators followed the bus along Interstate 84 Westbound to Portland until it eventually got off the interstate and stopped near a restaurant on the East side of Portland, OR.

12. [redacted]

13. [redacted]

[redacted]

14. [redacted]

16. [redacted]

[redacted]

**Arrest of RODRIGUEZ and Search of Luggage**

17. Investigators established surveillance on the stopped bus and watched as **RODRIGUEZ** exited the bus with only her purse and entered a neighboring restaurant. Meanwhile, Investigators spoke with the driver of the bus and requested to let a drug detection canine sniff the luggage inside, the driver consented and opened the lower compartment containing passengers' luggage. The canine alerted to the presence of narcotics inside the small brown suitcase that **RODRIGUEZ** placed inside the bus.

18. Around this time **RODRIGUEZ** exited the restaurant, when she saw Investigators at the bus she began to walk in the opposite direction of the bus and Investigators. Investigators followed and detained her at a nearby gas station. Investigators brought her back towards the bus where her grey bag and brown suitcase were located. A Spanish-speaking Investigator read **RODRIGUEZ** her Miranda Rights in Spanish. **RODRIGUEZ** confirmed she understood. Investigators asked **RODRIGUEZ** for consent to search the bags, **RODRIGUEZ** consented.

19. Inside the brown suitcase, Investigators found four kilogram-sized wrapped bricks containing a white powdery substance which field tested presumptively positive for the presence of fentanyl. A photo of the bricks and one after the wrapping was removed are below:






20. In a post-arrest interview, **RODRIGUEZ** told Investigators that the brown suitcase was given to her by someone in California and that she did not know the contents of the bag. **RODRIGUEZ** told Investigators she has done three or four of these trips to Oregon and

was paid $1000 each time. **RODRIGUEZ** told Investigators she would deliver the bag each time to someone in Oregon under the direction of an individual in Mexico over the phone.

21. Rodriguez explained to agents that on one prior occasions she picked up $23,000 and on another prior occasion she picked up $17,000 from individuals in Oregon and brought the money back to Los Angeles, California. She gave the money she picked to an unknown individual at the direction of someone she knew as a boss in Mexico.

**Conclusion**

22. I believe that **RODRIGUEZ** possessed with intent to distribute over 400 grams of fentanyl. Therefore, I believe that **RODRIGUEZ** has committed violations of the Target Offenses.

23. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Nicole Bockelman, and AUSA Bockelman advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant for **RODRIGUEZ**.

**Request for Sealing**

24. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time is likely

to seriously jeopardize the ongoing investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*/s/ Sworn to by telephone*
*In accordance with Fed. R. Crim. P. 4.1*
Connor Crago
DEA Special Agent

Sworn to by telephone at __________ 8:05 p.m. this October 21 2026 in accordance with Fed. R. Crim. P. 4.1.



HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge